**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-10717

Non-Argument Calendar

————————————————

ROBERT EDWARD FIEDLER,

*Plaintiff-Appellant,*

*versus*

WELLS FARGO BANK N.A.,

MTGLQ INVESTORS, L.P.,

US BANK TRUST N.A.,

  not in its Individual capacity but solely as
  owner trustee RCF 2 Acquisition Trust,

WILLA OAKS HOA,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-02092-CEM-RMN

————————————————

Before JORDAN, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Robert Fiedler, proceeding *pro se*, appeals the dismissal and stay of his claims against Wells Fargo Bank, MTGLQ Investors, US Bank Trust, and Willa Oaks HOA. He argues that the district court abused its discretion in abstaining under *Younger v. Harris*, 401 U.S. 37 (1971), because he sought only monetary damages. We conclude that the district court did not abuse its discretion in staying Fiedler's damages claims. We therefore affirm.

## I.    Background

In October 2023, Robert Fiedler[1] filed a *pro se* suit against Wells Fargo Bank, MTGLQ Investors, and US Bank Trust, alleging state law foreclosure fraud, abuse of process, civil conspiracy to commit foreclosure fraud, and intentional infliction of emotional distress. He requested punitive damages in the amount of $2 million per defendant. Fiedler's claims arose from a foreclosure action brought against him in 2015 and currently proceeding in Florida state court. *See* Verified Mortgage Foreclosure Complaint, *US Bank Nat'l Ass'n v. Fiedler*, No. 2015CA000412 (Fla. Cir. Ct. Feb. 19, 2015).

When filing his complaint, Fiedler moved to proceed *in forma pauperis*. That motion was referred to a magistrate judge whose report and recommendation advised the district court to

---

[1] Fiedler's brief on appeal includes Muriel Fiedler as a plaintiff/appellant. Muriel Fiedler was never joined as a party to the action, so we will refer only to Robert Fiedler.

dismiss the complaint based on *Younger* abstention due to the ongoing state foreclosure proceedings. Before the district court ruled on the motion, Fiedler moved to withdraw the motion and later paid the filing fee.

Fiedler then filed an amended complaint, adding Willa Oaks HOA as a defendant and adding a claim for wrongful foreclosure against homestead property. The amended complaint otherwise asserted no new claims or requests for relief.

The district court issued an order resolving the motion to proceed *in forma pauperis* and reviewing the amended complaint *sua sponte*. The court denied the motion to proceed *in forma pauperis* as moot and determined that *Younger* abstention was warranted. As a result, the court dismissed Fiedler's claims to the extent they requested injunctive relief and stayed his claims for damages pending resolution of the state court foreclosure proceeding. Fiedler timely appealed.

## II.    Discussion

We review a district court's *Younger* abstention for abuse of discretion. *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 907 (11th Cir. 2023). While "federal courts have a virtually unflagging obligation to exercise the jurisdiction given them," "in exceptional cases federal courts may and should withhold equitable relief to avoid interference with state proceedings." *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (omission adopted) (quotations omitted).

The Supreme Court has recognized only three types of state proceedings where *Younger* abstention is warranted: "criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' judicial functions." *Leonard*, 61 F.4th at 907–08 (omission adopted) (quotation omitted). "When a federal lawsuit overlaps with one of these types of state proceedings," the district court must consider whether the state proceeding (1) is "ongoing at the same time as the federal one"; (2) "implicate[s] an important state interest"; and (3) "provide[s] an adequate opportunity to raise the federal claim." *Id.* at 908 (quotations omitted). If all three factors are met, *Younger* abstention is generally warranted. *Id.*

Fiedler does not challenge the district court's determination that if he had been seeking to *enjoin* the state court foreclosure proceedings, *Younger* abstention would have been appropriate. Instead, he argues that he "did not ask the court for an injunction or a declaratory order" but only for monetary damages, and "monetary damages [do] not interfere with state proceedings." Thus, *Younger* abstention does not apply, and "the court should not have dismissed [his] case."

At the same time, though, Fiedler seems to mistakenly believe that the district court dismissed his damages claims entirely. But, in fact, the court merely stayed his claims for monetary relief. As a result, when Fiedler argues that the court should have stayed his damages claims because "[a]n action seeking monetary

damages should not be *dismissed but stayed* until state court proceedings have ended" (emphasis added), he appears to argue in favor of the court's order.

Because it is not clear that Fiedler is challenging the district court's decision to stay his damages claims pending resolution of the state court proceeding (and may have endorsed the stay), we find that the district court did not abuse its discretion in doing so.[2] We note, however, that because Fiedler's amended complaint did not request injunctive or declaratory relief, none of his claims should be considered dismissed.

### III.    Conclusion

For these reasons, we affirm the district court's stay of Fiedler's claim pending resolution of the state foreclosure action.

**AFFIRMED.**

---

[2] It is unclear whether the non-interference principles underlying *Younger* abstention directly apply to damages-only claims. *See Carter v. Dep't of Child. & Fams.*, No. 21-13128, 2022 WL 2921310 (11th Cir. July 26, 2022) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719–21 (1996)) (noting this open question); *see also Deakins v. Monaghan*, 484 U.S. 193, 208 n.4 (1988) (White, J., concurring) (recognizing a circuit split on the issue of whether *Younger* has any applicability to a claim for damages). However, given the appellant's apparent waiver of the issue, we need not address that question here.